1    Eugene J. Egan (State Bar No. 130108)
     *eje@manningllp.com*

2    Joshua K. Babataher (State Bar No. 311367)
     *jkb@manningllp.com*

3    **MANNING & KASS**
     **ELLROD, RAMIREZ, TRESTER LLP**

4    801 S. Figueroa St, 15th Floor
     Los Angeles, California 90017-3012

5    Telephone: (213) 624-6900
     Facsimile: (213) 624-6999

6

7    Attorneys for Defendant,
     TARGET CORPORATION

8

9            **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12    JON SHIFFMAN,              Case No.

13          Plaintiff,         (State Court Case No. 19STCV10275)

14      vs.

15    TARGET CORPORATION, YOHANA    **NOTICE OF REMOVAL OF**
     HANA, SARAH LIFSCHUTZ and        **ACTION UNDER 28 U.S.C.**

16    DOES 1 through 20, Inclusive       **§1441(b)] (DIVERSITY);**
                                     **DECLARATION OF JOSHUA K.**

17                         **BABATAHER**
         Defendant(s).

18

19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendant TARGET CORPORATION

22 (hereinafter, "Target") hereby removes to this Court the state court action described

23 below.

24      1.      On March 26, 2019, an action was commenced in the Superior Court of

25 the State of California in and for the County of Los Angeles, entitled JON

26 SHIFFMAN, Plaintiff vs. TARGET CORPORATION, YOHANA HANA. SARAH

27 LIFSCHUTZ and DOES 1 through 20, inclusive, Defendants, as Case Number

28 19STCV10275 (the "Action). A true and correct copy of the Complaint is attached

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

1  hereto as **Exhibit "A."**

2      2.      Target was first served a copy of the Complaint on May 9, 2019, when

3  counsel for Plaintiff caused to be served, by a process server, a copy of the

4  Complaint and summons on Target's Registered Agent, CT Corporation in

5  California. A true and correct copy of the service of process transmittal is attached

6  hereto as **Exhibit "B."** Target filed an Answer to Plaintiff's Complaint on June 5,

7  2019. A true and correct copy of Target's Answer to Plaintiff's Complaint is attached

8  hereto as **Exhibit "C."**

9      3.      Target is informed and believes that Plaintiff was, at the time he filed

10  the Action and still is, a citizen of the State of California.

11      4.      Defendant Target first learned that the amount in controversy exceeded

12  $75,000.00 when it received Plaintiff's Statement of Damages, served with

13  Plaintiff's Complaint on May 9, 2019. In his Statement of Damages, Plaintiff alleges

14  $750,000.00 in general damages. A true and correct copy of Plaintiff's Statement of

15  Damages is attached hereto as **Exhibit "D."**

16      5.      This removal is filed within thirty (30) days of service of Plaintiff's

17  Complaint.

18      6.      This action is a civil action of which this Court has original jurisdiction

19  under 28 U.S.C. §1332, and is one which may be removed to this Court by

20  defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action

21  between citizens of different states and the matter in controversy exceeds the sum of

22  $75,000, exclusive of interest and costs.

23      7.      Target Corporation was, at the time of the filing of this action, and still

24  is, a citizen of the State of Minnesota, incorporated under the laws of the State of

25  Minnesota, with its principal place of business in the State of Minnesota. Both the

26  California Secretary of State and Minnesota Secretary of State identify Target

27  Corporation as a Minnesota Corporation with its principal address at 1000 Nicollet

28  Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   copies of search results for Target Corporation on those websites are attached hereto

2   as **Exhibit "E."**

3         8.      Target Corporation is the only properly named defendant in this action

4   for purposes of determining diversity jurisdiction. The general rule that, under 28

5   U.S.C. § 1446(a) all defendants in a state action must join in the petition for

6   removal, except for nominal, unknown or fraudulently joined parties, only applies to

7   defendants properly joined and served in the action. See *Salveson v. Western States*

8   *Bankard Ass'n.*, 731 F. 2d 1423, 1429 (9th Cir. 1984) (noting "a party not served

9   need not be joined" in a petition for removal). To date, proofs of service have not

10  been filed as to any defendant, other than Target. A true and correct copy of the

11  proof of service as to Target is attached hereto as **Exhibit "F."** A true and correct

12  copy of the list of documents filed in this case, listed on the Los Angeles Superior

13  Court website, is attached hereto as **Exhibit "G."**

14        9.      Target is the only properly named defendant in this action. The

15  defendants designated as DOES 1 to 20 are fictitiously named and their citizenship

16  shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

17        10.     This Notice of Removal is filed with this Court within 30 days after

18  service of Plaintiff's Complaint. Therefore, this removal is timely as required by 28

19  U.S.C. §1446(b) which specifically provides, "The notice of removal of a civil

20  action of proceeding shall be filed within 30 days after the receipt by the defendant,

21  through service or otherwise, of a copy of the initial pleading setting forth the claim

22  for relief upon which such action or proceeding is based, or within 30 days after the

23  service of summons upon the defendant if such initial pleading has then been filed in

24  court and is not required to be served on the defendant, whichever period is shorter."

25  28 U.S.C.§ 1446 (b).

26        11.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process,

27  pleadings, and orders sent to and received by Target in the State Court action are

28  attached hereto as **Exhibit "H."**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    DATED:  June 7, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP


By:      /s/ Joshua Babataher
         Eugene J. Egan
         Joshua K. Babataher
         Attorneys for Defendant
         TARGET CORPORATION

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)1 (DIVERSITY); DECLARATION OF
JOSHUA K. BABATAHER

# DECLARATION OF JOSHUA BABATAHER

I, Joshua Babataher, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant,  TARGET CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.      On March 26, 2019, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled JON SHIFFMAN, Plaintiff vs. TARGET CORPORATION, YOHANA HANA. SARAH LIFSCHUTZ and DOES 1 through 20, inclusive, Defendants, as Case Number 19STCV10275 (the "Action). A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

3.      Target was first served a copy of the Complaint on May 9, 2019, when counsel for Plaintiff caused to be served, by a process server, a copy of the Complaint and summons on Target's Registered Agent, CT Corporation in California. A true and correct copy of the transmittal of summons and service of process transmittal is attached hereto as **Exhibit "B."** Target filed an Answer to Plaintiff's Complaint on June 5, 2019. A true and correct copy of Target's Answer to Plaintiff's Complaint is attached hereto as **Exhibit "C."**

4.      Target is informed and believes that Plaintiff was, at the time he filed the Action and still is, a citizen of the State of California.

5.      Defendant Target first learned that the amount in controversy exceeded $75,000.00 when it received Plaintiff's Statement of Damages, served with Plaintiff's Complaint on May 9, 2019. In his Statement of Damages, Plaintiff alleges $750,000.00 in general damages. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "D."**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

6. This removal is filed within thirty (30) days of service of Plaintiff's Complaint.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principal address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites. True and correct copies of search results for Target Corporation on those websites are attached hereto as **Exhibit "E."**

9. Target Corporation is the only properly named defendant in this action for purposes of determining diversity jurisdiction. The general rule that, under 28 U.S.C. § 1446(a) all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties, only applies to defendants properly joined and served in the action. See *Salveson v. Western States Bankard Ass'n.*, 731 F. 2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal). To date, proofs of service have not been filed as to any defendant, other than Target. A true and correct copy of the proof of service as to Target is attached hereto as **Exhibit "F."** A true and correct copy of the list of documents filed in this case, listed on the Los Angeles Superior Court website, is attached hereto as **Exhibit "G."**

10.     Target is the only properly named defendant in this action. The defendants designated as DOES 1 to 20 are fictitiously named and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

11.     This Notice of Removal is filed with this Court within 30 days after service of Plaintiff's Complaint. Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "The notice of removal of a civil action of proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.§ 1446 (b).

12.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto as **Exhibit "H."**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of June, 2019, at Los Angeles, California.


/s/ Joshua Babataher
Joshua Babataher

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/28/2019 11:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
19STCV10275

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jon Takasugi

1    ANDREW L. SHAPIRO, ESQ., SBN 051546
     LEWITT, HACKMAN, SHAPIRO,
2        MARSHALL & HARLAN
     16633 Ventura Boulevard, 11th Floor
3    Encino, California 91436-1865
     Telephone:  (818) 990-2120
4    Telecopier:  (818) 981-4764

5    Attorneys for Plaintiff

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  FOR THE COUNTY OF LOS ANGELES

9

10   JON SHIFFMAN,                        )    CASE NO: 19STCV10275
                                          )
11                          Plaintiff,    )    COMPLAINT FOR DAMAGES
                                          )    (PERSONAL INJURIES)
12        vs.                             )
                                          )    (UNLIMITED JURISDICTION)
13   TARGET CORPORATION, YOHANA           )
     HANA, SARAH LIFSCHUTZ, and DOES      )
14   1 through 20, Inclusive,             )
                                          )
15                          Defendants.   )
                                          )
16                                        )
                                          )
17   _____ )

18

19        COMES NOW PLAINTIFF JON SHIFFMAN AND ALLEGES AS FOLLOWS:

20                  FIRST CAUSE OF ACTION FOR

21               NEGLIGENCE AGAINST ALL DEFENDANTS

22        1.       The true names and capacities, whether individual, corporate, associate or

23   otherwise of Defendants named herein as DOES 1 through 20, inclusive, are unknown to

24   Plaintiff at this time who therefore sues said Defendants by such fictitious names.  Plaintiff is

25   informed and believes and thereon alleges that each of the Defendants named herein as a DOE is

26   negligently or in some other manner legally liable and responsible for the events and happenings

27   hereinbelow described and by their conduct did directly and proximately cause Plaintiff to suffer

28   and sustain the serious and permanent damages and injuries set forth below.  Plaintiff will seek

                                          -1-
                                   COMPLAINT FOR DAMAGES

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
A LAW CORPORATION

leave to amend this pleading to reflect their true names and capacities when the same are ascertained.

2.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, TARGET CORPORATION and DOES 1 through 5, inclusive, and each of them, were and are corporations duly organized and existing under and by virtue of the laws of the State of California.  At all times herein mentioned, said Defendants were carrying on business in the City of Los Angeles, County of Los Angeles, State of California.

3.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of each and every other Defendant herein and were acting at all times herein mentioned within the purpose, course, scope and authority of said agency, service and employment and with the consent, permission and knowledge of their co-Defendants.

4.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Plaintiff is informed and believes and thereon alleges that Defendant YOHANA HANA, and DOES 6 and 7, were Leaders On Duty at the time of all events that occurred herein. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, Defendant SARAH LIFSCHUTZ, and DOES 8 and 9, were the Managers On Duty, at all times relevant herein.

5.      Plaintiff is further informed and believes and thereon alleges that said Defendants, at all time herein mentioned, were and are residents of the County of Los Angeles, State of California.

6.      At all times herein mentioned, Defendants TARGET CORPORATION, DOES 1 through 20, inclusive, and each of them, planned, designed, constructed, owned, operated, maintained, entrusted, supervised and inspected a certain business establishment commonly known as "TARGET" located at or near 8480 Beverly Boulevard, in the City of Los Angeles, County of Los Angeles, State of California.

7.      On or about April 6, 2017, Plaintiff JON SHIFFMAN was lawfully upon the premises of said "TARGET" store and was then and there a customer using the premises in a normal fashion.

8.      At all times herein mentioned, the Defendants, and each of them, so negligently, carelessly and recklessly planned, designed, constructed, owned, operated, maintained, entrusted, supervised and inspected the subject premises of the "TARGET" store so as to directly and proximately cause and allow a dangerous and hazardous condition to then and there be present. Said condition included, but was not limited to, a used needle container that was affixed to the wall of the restroom in said "TARGET" store. Said used needle container was designed to safely house and dispose of sharp needles in a fashion that customers could not, and should not be harmed, stuck or pricked by such disposed and used needles.

9.      On April 6, 2017, said used needle disposal container was negligently, carelessly and recklessly owned, operated, maintained, supervised and inspected so as to cause and allow sharp needles to be protruding from the top opening thereof, thereby causing and presenting a serious hazard to unsuspecting customers such as this Plaintiff. As a direct and proximate result thereof, this Plaintiff was stuck by a disposed and previously used needle and thereby suffered serious damages and injuries as hereinbelow set forth.

10.     At said time and place, Defendants, and each of them, acted so negligently, carelessly and recklessly and/or negligently failed to act, so as to directly and proximately cause Plaintiff to suffer and sustain the serious and permanent injuries and damages alleged below.

11.     By reason of the conduct of the Defendants, and each of them, and as a direct and proximate result thereof, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in serious permanent disability to the Plaintiff all to his general damage in an amount which will be set forth pursuant to California Code of Civil Procedure, Section 425.11.

1    12.    As a further direct and proximate result of the conduct of Defendants, and each of

2    them, Plaintiff was required to and did employ physicians to examine, treat and care for him and

3    said Plaintiff did incur medical and incidental expense.  The exact amount of such expense is

4    unknown at this time and Plaintiff will therefore seek leave to amend this Complaint to set forth

5    the exact amount thereof when it is ascertained.

6    13.    As a further direct and proximate result of the conduct of Defendants, and each of

7    them, Plaintiff was prevented from attending to his usual occupation and Plaintiff is informed

8    and believes and thereon alleges that he will thereby be prevented from attending to said usual

9    occupation for a period in the future all to his further damage in an amount which will be set

10    forth according to proof when the same is ascertained.

12    **WHEREFORE,** Plaintiff prays against Defendants as follows:

13    1.    For general damages in an amount which will be set forth pursuant to <u>California</u>

14    <u>Code of Civil Procedure</u>, Section 425.11;

15    2.    For medical and incidental expenses according to proof;

16    3.    For loss of earnings and earning capacity according to proof;

17    4.    For costs of suit incurred herein; and

18    5.    For such other and further relief as this court deems just and proper, including but

19    not limited to prejudgment interest as allowed by law.

21    DATED:  March 25, 2019        LEWITT, HACKMAN, SHAPIRO,

22                             MARSHALL & HARLAN

24                        By:

25                        ANDREW L. SHAPIRO

                         Attorneys for Plaintiff

[THIS DOCUMENT
PRINTED ON
RECYCLED PAPER]

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
A LAW CORPORATION

-4-

COMPLAINT FOR DAMAGES

5-15-2019             000250520G0001                    6020190515013253

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
05/09/2019
CT Log Number 535455385

TO:     Sue Carlson
        Target Corporation
        1000 Nicollet Mall
        Minneapolis, MN 55403-2542

RE:     **Process Served in California**

FOR:    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JON SHIFTMAN, PLTF. vs. TARGET CORPORATION, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | Case # 19STCV10275 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - . |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/09/2019 at 11:29 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | .<br>., . . |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/14/2019, Expected Purge Date: 05/19/2019 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / ZB

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 06/05/2019 08:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Pryor,Deputy Clerk

1  Eugene J. Egan (State Bar No. 130108)
    *eje@manningllp.com*
2  Joshua K. Babataher (State Bar No. 311367)
    *jkb@manningllp.com*
3  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15ᵗʰ Floor
    Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
    Attorneys for Defendant, TARGET
7  CORPORATION

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE**

10

11  JON SHIFFMAN ,                          Case No. 19STCV10275
                                            [Assigned to the Hon. Marc D. Gross,
12          Plaintiff,                      Department 3]

13      vs.

14  TARGET CORPORATION, YOHANA              **ANSWER TO COMPLAINT; DEMAND**
    HANA, SARAH LIFSCHUTZ, and DOES 1       **FOR JURY TRIAL**
15  through 20, Inclusive

16          Defendant(s).                   Complaint Filed:   3/26/19
                                            Trial Date:        9/22/2020

17
            Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, defendant
18
    TARGET CORPORATION ("defendant"), answers the Complaint of plaintiff JON SHIFFMAN
19
    ("plaintiff") as follows.
20
                              **GENERAL DENIAL**
21
        1.      Defendant denies generally and specifically each and every allegation in the
22
    Complaint, pursuant to Code of Civil Procedure §431.30, and further denies that plaintiff was
23
    injured, or that plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or
24
    in any sum, or at all.
25
                          **FIRST AFFIRMATIVE DEFENSE**
26
        2.      The Complaint and each and every purported cause of action therein fails to state
27
    facts sufficient to constitute a cause of action against this answering defendant. This affirmative
28

4831-8214-8997.1                             1
                    ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

1  defense is interposed to the Complaint in its entirety and separately as to each individual cause of
2  action therein although not restated under separate headings as to each cause of action.

### SECOND AFFIRMATIVE DEFENSE

4      3.    This answering defendant is informed and believes and thereupon alleges that
5  plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety, in
6  order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by
7  plaintiff were proximately caused and contributed to by the negligence of plaintiff himself.  This
8  affirmative defense is interposed to the Complaint in its entirety and separately as to each
9  individual cause of action therein although not restated under separate headings as to each cause of
10  action.

### THIRD AFFIRMATIVE DEFENSE

12      4.    Defendant alleges that plaintiff's recovery is reduced or diminished by plaintiff's
13  failure to mitigate his damages.  This affirmative defense is interposed to the Complaint in its
14  entirety and separately as to each individual cause of action therein although not restated under
15  separate headings as to each cause of action.

### FOURTH AFFIRMATIVE DEFENSE

17      5.    If plaintiff sustained any damage as alleged in the Complaint, that damage was
18  proximately caused and contributed to by other parties to this action, whether served or not served,
19  or by other persons or entities not parties to this action.  The proportionate degree of negligence or
20  fault of each of said other persons or entities must be determined and prorated and any judgment
21  that might be rendered against defendant herein must be reduced not only by that degree of
22  comparative negligence and fault found to exist as to plaintiff, but also as to the total of that
23  degree of negligence or fault found to exist as to said other persons or entities.  This affirmative
24  defense is interposed to the Complaint in its entirety and separately as to each individual cause of
25  action therein although not restated under separate headings as to each cause of action.
26  / / /
27  / / /
28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

### FIFTH AFFIRMATIVE DEFENSE

6.      If any damage was sustained as alleged in the Complaint, that damage was a result of plaintiff's assumption of risk of harm.  Plaintiff had actual knowledge of the particular risk or danger, knew and understood the degree of the risk or danger involved and voluntarily assumed such risk.  Plaintiff's reasonable implied assumption of a risk of harms bars recovery herein.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### SIXTH AFFIRMATIVE DEFENSE

7.      This answering defendant denies that a dangerous condition existed.  However, if it is determined that a dangerous condition in fact did exist, such condition was open and obvious.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### SEVENTH AFFIRMATIVE DEFENSE

8.      This answering defendant denies that a dangerous condition existed.  However, if it is determined that a dangerous condition in fact did exist, such condition was trivial.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### EIGHTH AFFIRMATIVE DEFENSE

9.      Defendant alleges that other persons, either known and/or unknown to this answering defendant, are in whole or in part liable to plaintiff and/or proximately or legally caused plaintiff's alleged injuries.  Pursuant to Civil Code Section 1431.2, plaintiff must look to these other persons for recompense for plaintiff's alleged damages.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1

### NINTH AFFIRMATIVE DEFENSE

2      10.    Defendant alleges that plaintiff engaged in conduct and activities with respect to the

3  subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from

4  asserting any claims for damages or seeking any other relief against this answering defendant.

5  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

6  individual cause of action therein although not restated under separate headings as to each cause of

7  action.

8

### TENTH AFFIRMATIVE DEFENSE

9      11.    Defendant alleges that plaintiff engaged in conduct and activities sufficient to

10  constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct,

11  if any, as set forth in the Complaint.  This affirmative defense is interposed to the Complaint in its

12  entirety and separately as to each individual cause of action therein although not restated under

13  separate headings as to each cause of action.

14

### ELEVENTH AFFIRMATIVE DEFENSE

15      12.    Defendant alleges that the injuries and damages of which plaintiff complains were

16  proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons

17  and/or other entities, and that said acts were an intervening and superseding cause of the injuries

18  and damages, if any, of which the plaintiff complains, thus barring plaintiff from any recovery

19  against this answering defendant.  This affirmative defense is interposed to the Complaint in its

20  entirety and separately as to each individual cause of action therein although not restated under

21  separate headings as to each cause of action.

22

### TWELFTH AFFIRMATIVE DEFENSE

23      13.    That the Complaint was brought without reasonable cause and without a good faith

24  belief that there was a justifiable controversy under the facts of the law which warranted the filing

25  of the Complaint against this responding defendant.  Plaintiff should therefore be responsible for

26  all defendant's necessary and reasonable defense costs, as more particularly set forth in California

27  Code of Civil Procedure Section 1038.  This affirmative defense is interposed to the Complaint in

28  its entirety and separately as to each individual cause of action therein although not restated under

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1 | separate headings as to each cause of action.

2 | ### THIRTEENTH AFFIRMATIVE DEFENSE

3 | 14.   Plaintiff's Complaint and each and every cause of action therein contained are barred

4 | by any and all applicable statutes of limitations, including, but not limited to Code of Civil

5 | Procedure Sections 335.1 and 342.  This affirmative defense is interposed to the Complaint in its

6 | entirety and separately as to each individual cause of action therein although not restated under

7 | separate headings as to each cause of action.

8 | ### FOURTEENTH AFFIRMATIVE DEFENSE

9 | 15.   Plaintiff's Complaint and each and every cause of action therein contained are

10 | barred by the doctrine of laches.  This affirmative defense is interposed to the Complaint in its

11 | entirety and separately as to each individual cause of action therein although not restated under

12 | separate headings as to each cause of action.

13 | ### FIFTEENTH AFFIRMATIVE DEFENSE

14 | 16.   This answering defendant denies that a dangerous condition existed.  However, if it

15 | is determined that a dangerous condition in fact did exist, such condition did not exist for a

16 | sufficiently reasonable amount of time as to give actual or constructive notice of the condition.

17 | This affirmative defense is interposed to the Complaint in its entirety and separately as to each

18 | individual cause of action therein although not restated under separate headings as to each cause of

19 | action.

20 | ### SIXTEENTH AFFIRMATIVE DEFENSE

21 | 17.   This defendant presently has insufficient knowledge or information on which to

22 | form a belief as to whether it may have additional, as yet unstated affirmative defenses available.

23 | Defendant herein reserves the right to assert additional defenses in the event that the discovery

24 | indicates that they would be appropriate.  This affirmative defense is interposed to the Complaint

25 | in its entirety and separately as to each individual cause of action therein although not restated

26 | under separate headings as to each cause of action.

27 | ///

28 | ///

1    WHEREFORE, defendant TARGET CORPORATION prays as follows:

2    1.    For dismissal of the Complaint with prejudice;

3    2.    For judgment in favor of this answering defendant and against plaintiff;

4    3.    For costs of suit;

5    4.    For such further relief as the court may deem just and proper.

6    DATED:  June 5, 2019                    **MANNING & KASS**
                                             **ELLROD, RAMIREZ, TRESTER LLP**

7

8

9                                           By: _____

10                                              Eugene J. Egan
                                                Joshua K. Babataher
                                                Attorneys for Defendant
11                                              TARGET CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Defendant hereby demands trial by jury.

DATED:  June 5, 2019

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By: _____

Eugene J. Egan
Joshua K. Babataher
Attorneys for Defendant
TARGET CORPORATION

7

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

1  **PROOF OF SERVICE**

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
   employed in the County of Los Angeles, State of California.  My business address is 801 S.
4  Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5       On June 5, 2019, I served true copies of the following document(s) described as
   **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this
6  action as follows:

7  Andrew L. Shapiro, Esq.
   Lewitt, Hackman, Shapiro, Marshall & Harlan
8  16633 Ventura Bl.,11th Floor
   Encino, CA 91436
9  P: 818.990.2120
   F: 818.981.4764
10 Email: ashapiro@lewitthackman.com
   **Attorney for Plaintiff**
11 **Jon Shiffman**

12

13       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
   persons at the addresses listed in the Service List and placed the envelope for collection and
   mailing, following our ordinary business practices.  I am readily familiar with the practice of
14 Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for
   mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited
15 in the ordinary course of business with the United States Postal Service, in a sealed envelope with
   postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The
16 envelope was placed in the mail at Los Angeles, California.

17       I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.
18
19       Executed on June 5, 2019, at Los Angeles, California.

20

21                                              Brenda Leonardo

22

23

24

25

26

27

28

**MANNING&KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

# EXHIBIT D



ANDREW L. SHAPIRO, ESQ., SBN 051546
LEWITT, HACKMAN, SHAPIRO,
    MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone:  (818) 990-2120
Telecopier:  (818) 981-4764

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JON SHIFFMAN,                                             CASE NO:

                        Plaintiff,          PLAINTIFF'S STATEMENT OF
                                            DAMAGES  (CCP §425.11)
        vs.

TARGET CORPORATION, YOHANA
HANA, SARAH LIFSCHUTZ, and DOES
1 through 20, Inclusive,

                        Defendants.

TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD:

        COMES NOW PLAINTIFF, JON SHIFFMAN, and hereby submits his Statement of

Damages, pursuant to Code of Civil Procedure §425.11. It should be noted that discovery and

damages are continuing and plaintiff reserves the right to amend, modify or supplement this

information if, as or when further or better information becomes available.

        1.      General damages in the amount of $750,000.00.

        2.      Medical and incidental expenses according to proof.

        3.      Loss of Earnings and earning capacity according to proof.

        4.      Costs of suit incurred herein.

- 1 -
PLAINTIFF'S STATEMENT OF DAMAGES

THIS DOCUMENT
PRINTED ON
RECYCLED PAPER

5-15-2019                           000250520G0001                           6020190515013253



5.      Such other and further relief as this Court deems just and proper, including but not limited to, prejudgment interested as allowed by law.

DATED:  March 25, 2019

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN

By: _____
ANDREW L. SHAPIRO
Attorneys for Plaintiff

- 2 -

PLAINTIFF'S STATEMENT OF DAMAGES

# EXHIBIT E

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, June 5, 2019. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C0536463 TARGET CORPORATION

| | |
|---|---|
| **Registration Date:** | 11/24/1967 |
| **Jurisdiction:** | MINNESOTA |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 1000 NICOLLET MALL |
| | MINNEAPOLIS MN 55403 |
| **Entity Mailing Address:** | 1000 NICOLLET MALL, TPS 3155 |
| | MINNEAPOLIS MN 55403 |

A Statement of Information is due EVERY year beginning five months before and through the end of November.

| Document Type | ⇅ | File Date | ⬇�components | PDF |
|---|---|---|---|
| SI-NO CHANGE | | 10/31/2018 | |
| PUBLICLY TRADED DISCLOSURE | | 06/28/2018 | |
| SI-COMPLETE | | 10/24/2017 | |
| PUBLICLY TRADED DISCLOSURE | | 06/23/2017 | |
| PUBLICLY TRADED DISCLOSURE | | 06/21/2016 | |
| PUBLICLY TRADED DISCLOSURE | | 06/25/2015 | |
| PUBLICLY TRADED DISCLOSURE | | 07/18/2014 | |

| Document Type | ↕ | File Date | ↓≡ | PDF |
|---|---|---|---|---|
| PUBLICLY TRADED DISCLOSURE | | 06/27/2013 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/20/2012 | | |
| PUBLICLY TRADED DISCLOSURE | | 05/31/2011 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/01/2010 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/09/2009 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/19/2008 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/22/2007 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/07/2006 | | |
| PUBLICLY TRADED DISCLOSURE | | 06/23/2005 | | |
| PUBLICLY TRADED DISCLOSURE | | 12/03/2004 | | |
| PUBLICLY TRADED DISCLOSURE | | 12/22/2003 | | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | | 12/05/2003 | | Image unavailable. Please request paper copy. |
| PUBLICLY TRADED DISCLOSURE | | 11/25/2003 | | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | | 02/11/2000 | | |
| AMENDED REGISTRATION | | 07/23/1985 | | |
| AMENDED REGISTRATION | | 07/22/1969 | | Image unavailable. Please request paper copy. |
| REGISTRATION | | 11/24/1967 | | Image unavailable. Please request paper copy. |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.

- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |
|---|---|---|

## Business Record Details »

Minnesota Business Name
### Target Corporation

**Business Type**
Business Corporation (Domestic)

**MN Statute**
302A

**File Number**
11-AA

**Home Jurisdiction**
Minnesota

**Filing Date**
02/11/1902

**Status**
Active / In Good Standing

**Renewal Due Date**
12/31/2019

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117–5603
USA

**Number of Shares**
6,005,000,000

**Registered Agent(s)**
C T Corporation System

**Chief Executive Officer**
BRIAN C CORNELL
1000 Nicollet Mall
Mpls, MN 55403
USA

**Principal Executive Office Address**
1000 Nicollet Mall
Mpls, MN 55403
USA

Filing History

# Filing History

**Select the item(s) you would like to order:**   Order Selected Copies

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Business Corporation (Domestic) Business Name<br>(Business Name: Goodfellow Dry Goods Co.) | |
| ☐ | 05/25/1903 | Business Corporation (Domestic) Business Name<br>(Business Name: Dayton Dry Goods Co.) | |
| ☐ | 05/17/1911 | Business Corporation (Domestic) Business Name<br>(Business Name: The Dayton Company) | |
| ☐ | 08/04/1915 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/04/1919 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/29/1922 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 07/25/1928 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 08/12/1931 | Business Corporation (Domestic) Duration | |
| ☐ | 02/16/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 07/25/1939 | Amendment - Business Corporation (Domestic) | |
| ☐ | 03/18/1949 | Business Corporation (Domestic) Duration | |
| ☐ | 12/30/1950 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1955 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/31/1958 | Merger - Business Corporation (Domestic) | |
| | 12/31/1958 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 02/02/1959 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/30/1963 | Amendment - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 09/02/1964 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/02/1966 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 12/06/1966 | Amendment - Business Corporation (Domestic) | |
| ☐ | 01/27/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/29/1967 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 07/28/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/06/1967 | Business Corporation (Domestic) Business Name (Business Name: Dayton Corporation) | |
| | 09/06/1967 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 11/24/1967 | Merger - Business Corporation (Domestic) | |
| ☐ | 12/08/1967 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/07/1968 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/13/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 03/18/1969 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 05/22/1969 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/20/1969 | Business Corporation (Domestic) Business Name (Business Name: Dayton-Hudson Corporation) | |
| ☐ | 07/23/1970 | Amendment - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 06/16/1972 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 01/04/1974 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/25/1975 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/27/1976 | Merger - Business Corporation (Domestic) | |
| ☐ | 02/01/1977 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/1978 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 06/24/1982 | Business Corporation (Domestic) Active Status Report | |
| ☐ | 11/22/1982 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/26/1983 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 04/19/1984 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 05/31/1985 | Business Corporation (Domestic) Restated Articles | |
| | 05/31/1985 | Business Corporation (Domestic) Business Name (Business Name: Dayton Hudson Corporation) | |
| ☐ | 01/15/1986 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/30/1986 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/23/1986 | Amendment - Business Corporation (Domestic) | |
| ☐ | 06/03/1987 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/25/1988 | Amendment - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 01/11/1990 | Business Corporation (Domestic) Other | |
| ☐ | 06/21/1996 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/12/1996 | Business Corporation (Domestic) Other | |
| ☐ | 09/18/1997 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/1998 | Merger - Business Corporation (Domestic) | |
| ☐ | 04/10/1998 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 09/11/1998 | Business Corporation (Domestic) Other | |
| ☐ | 01/13/2000 | Business Corporation (Domestic) Business Name<br>(Business Name: Target Corporation) | |
| | 01/13/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/28/2000 | Consent to Use of Name - Business Corporation (Domestic) | |
| ☐ | 06/16/2000 | Business Corporation (Domestic) Change of Shares | |
| ☐ | 11/17/2000 | Merger - Business Corporation (Domestic) | |
| ☐ | 09/18/2001 | Business Corporation (Domestic) Other | |
| ☐ | 02/21/2002 | Business Corporation (Domestic) Restated Articles | |
| | 02/21/2002 | Registered Office and/or Agent - Business Corporation (Domestic) | |
| ☐ | 12/23/2002 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/31/2003 | Merger - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 04/20/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/14/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 08/31/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/27/2005 | Business Corporation (Domestic) Other | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 10/28/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/09/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 11/22/2005 | Merger - Business Corporation (Domestic) | |
| ☐ | 07/13/2006 | Merger - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Amendment - Business Corporation (Domestic) | |
| ☐ | 05/24/2007 | Business Corporation (Domestic) Other | |
| ☐ | 06/17/2008 | Merger - Business Corporation (Domestic) | |
| ☐ | 01/27/2009 | Merger - Business Corporation (Domestic) | |
| ☐ | 06/10/2010 | Business Corporation (Domestic) Restated Articles | |
| ☐ | 11/22/2010 | Merger - Business Corporation (Domestic) | |
| ☐ | 4/30/2015 | Merger Survivor - Business Corporation (Domestic) | 5/1/2015 12:01 AM |
| ☐ | 10/12/2015 | Merger Survivor - Business Corporation (Domestic) | 10/16/2015 12:01 AM |
| ☐ | 1/27/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 1/28/2016 | Merger Survivor - Business Corporation (Domestic) | 1/30/2016 11:59 PM |
| ☐ | 4/18/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

| | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 9/16/2016 | Registered Office and/or Agent - Business Corporation (Domestic) | |

© 2019 Office of the Minnesota Secretary of State - Terms & Conditions

# EXHIBIT F

Electronically FILED by Superior Court of California, County of Los Angeles on 05/21/2019 12:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg, Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew L. Shapiro, Esq. \| SBN: 051546<br>Lewitt, Hackman, Shapiro, Marshall & Harlan<br>16633 Ventura Blvd, 11th Floor 11th Floor  Encino, CA 91436<br><br>TELEPHONE NO.: (818) 990-2120 \| FAX NO. (818) 981-4764 \| E-MAIL ADDRESS *(Optional):* ap@lewitthackman.com<br>ATTORNEY FOR *(Name):* Plaintiff: Jon Shiffman | |

**LOS ANGELES COUNTY SUPERIOR COURT**
> STREET ADDRESS: 111 NORTH HILL ST.
> MAILING ADDRESS:
> CITY AND ZIP CODE: LOS ANGELES, CA 90012
> BRANCH NAME: CENTRAL DISTRICT

| PLAINTIFF: Jon Shiffman | CASE NUMBER: 19STCV10275 Dept: 3 |
|---|---|
| DEFENDANT: Target Corporation,et al | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>18031-2 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Assignment,Standing Order,First Amended Standing Order-FSC;Statement of Damages**

3. a. Party served *(specify name of party as shown on documents served):*
   **Target Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Carlos Paz - Authorized to Accept Service**

4. Address where the party was served: **818 W 7th St Ste 930**
   **Los Angeles, CA 90017-3476**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/9/2019** (2) at *(time):* **1:05 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>POS010-1/CW298173 |
|---|---|---|

| PETITIONER: Jon Shiffman | CASE NUMBER: |
|---|---|
| RESPONDENT: Target Corporation,et al | **19STCV10275** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                          (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify):* **Target Corporation**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

    a. Name: **Siron Korken - Cal West Attorney Services, Inc**

    b. Address: **1201 W. Temple Street  Los Angeles, CA 90026**

    c. Telephone number: **(213) 353-9100**

    d. The fee for service was: **$ 61.00**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner     ☐ employee     ☑ independent contractor.

            (ii) Registration No.: **2018258243**

            (iii) County: **Los Angeles**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **5/9/2019**

    **Cal West Attorney Services, Inc**
    **1201 W. Temple Street**
    **Los Angeles, CA 90026**
    **(213) 353-9100**
    **www.calwest.info**

| **Siron Korken** | ▶ | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# EXHIBIT G

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  19STCV10275

JOHN SHIFFMAN VS TARGET CORPORATION, ET AL.

**Filing Courthouse:**  Spring Street Courthouse

**Filing Date:** 03/26/2019
**Case Type:** Other Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/08/2020** at 10:00 AM in Department 3 at 312 North Spring Street, Los Angeles, CA 90012
Final Status Conference

**09/22/2020** at 08:30 AM in Department 3 at 312 North Spring Street, Los Angeles, CA 90012
Non-Jury Trial

**03/22/2022** at 08:30 AM in Department 3 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

EGAN EUGENE J. - Attorney for Defendant

HANA YOHANA - Defendant

LIFSCHUTZ SARAH - Defendant

SHAPIRO ANDREW L. - Attorney for Plaintiff

SHIFFMAN JOHN - Plaintiff

TARGET CORPORATION - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**06/05/2019** Answer
Filed by TARGET CORPORATION (Defendant)

**06/05/2019** Answer
Filed by TARGET CORPORATION (Defendant)

**05/21/2019** Proof of Personal Service
Filed by JOHN SHIFFMAN (Plaintiff)

**04/08/2019** Certificate of Mailing for ([PI General Order] and Standing Order re PI Procedures and Hearing Dates)
Filed by Clerk

**04/08/2019** PI General Order
Filed by Clerk

**03/26/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**03/26/2019** Summons (on Complaint)
Filed by JOHN SHIFFMAN (Plaintiff)

**03/26/2019** Civil Case Cover Sheet
Filed by JOHN SHIFFMAN (Plaintiff)

**03/26/2019** Complaint
Filed by JOHN SHIFFMAN (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)
None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**06/05/2019** Answer
Filed by TARGET CORPORATION (Defendant)

**06/05/2019** Answer
Filed by TARGET CORPORATION (Defendant)

**05/21/2019** Proof of Personal Service
Filed by JOHN SHIFFMAN (Plaintiff)

**04/08/2019** PI General Order
Filed by Clerk

**04/08/2019** Certificate of Mailing for ([PI General Order] and Standing Order re PI Procedures and Hearing Dates)
Filed by Clerk

**03/26/2019** Complaint
Filed by JOHN SHIFFMAN (Plaintiff)

**03/26/2019** Civil Case Cover Sheet
Filed by JOHN SHIFFMAN (Plaintiff)

**03/26/2019** Summons (on Complaint)
Filed by JOHN SHIFFMAN (Plaintiff)

**03/26/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

# EXHIBIT H

5-9-19

Electronically FILED by Superior Court of California, County of Los Angeles on 03/26/2019 05:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

19STCV10275

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** TARGET CORPORATION, YOHANA HANA,
*(AVISO AL DEMANDADO):* SARAH LIFSCHUTZ, and DOES 1 through 20,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JON SHIFFMAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

**19STCV10275**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: ANDREW L. SHAPIRO, ESQ.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN (818) 990-2120
16633 Ventura Boulevard, 11th Floor, ENCINO, CA 91436

DATE: 03/26/2019      Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*      Clerk, by    Nancy Alvarez    , Deputy
     *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Target Corporation

     under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other (specify):
4. ☐ by personal delivery on (date):

                             Page 1 of 1

Form Adopted for Mandatory Use          **SUMMONS**          Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                   www.courtinfo.ca.gov
SUM-100 (Rev. July 1, 2009)

5-15-2019           000250520G0001           6020190515013253

Electronically FILED by Superior Court of California, County of Los Angeles on 03/28/2019 01:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
19STCV10275

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jon Takasugi

1  ANDREW L. SHAPIRO, ESQ., SBN 051546
   LEWITT, HACKMAN, SHAPIRO,
2      MARSHALL & HARLAN
   16633 Ventura Boulevard, 11th Floor
3  Encino, California 91436-1865
   Telephone: (818) 990-2120
4  Telecopier: (818) 981-4764

5  Attorneys for Plaintiff

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               FOR THE COUNTY OF LOS ANGELES

9

10 JON SHIFFMAN,                        CASE NO: 19STCV10275

11                    Plaintiff,        COMPLAINT FOR DAMAGES
                                        (PERSONAL INJURIES)
12     vs.
                                        (UNLIMITED JURISDICTION)
13 TARGET CORPORATION, YOHANA
   HANA, SARAH LIFSCHUTZ, and DOES
14 1 through 20, Inclusive,

15                    Defendants.

16

17 _____

18

19      COMES NOW PLAINTIFF JON SHIFFMAN AND ALLEGES AS FOLLOWS:

20               FIRST CAUSE OF ACTION FOR

21          NEGLIGENCE AGAINST ALL DEFENDANTS

22      1.    The true names and capacities, whether individual, corporate, associate or

23 otherwise of Defendants named herein as DOES 1 through 20, inclusive, are unknown to

24 Plaintiff at this time who therefore sues said Defendants by such fictitious names.  Plaintiff is

25 informed and believes and thereon alleges that each of the Defendants named herein as a DOE is

26 negligently or in some other manner legally liable and responsible for the events and happenings

27 hereinbelow described and by their conduct did directly and proximately cause Plaintiff to suffer

28 and sustain the serious and permanent damages and injuries set forth below.  Plaintiff will seek

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
A LAW CORPORATION

-1-

COMPLAINT FOR DAMAGES

1  leave to amend this pleading to reflect their true names and capacities when the same are

2  ascertained.

3      2.    Plaintiff is informed and believes and thereon alleges that at all times herein

4  mentioned, Defendants, TARGET CORPORATION and DOES 1 through 5, inclusive, and each

5  of them, were and are corporations duly organized and existing under and by virtue of the laws

6  of the State of California.  At all times herein mentioned, said Defendants were carrying on

7  business in the City of Los Angeles, County of Los Angeles, State of California.

8      3.    Plaintiff is informed and believes and thereon alleges that at all times herein

9  mentioned, Defendants, and each of them, were the agents, servants and employees of each and

10  every other Defendant herein and were acting at all times herein mentioned within the purpose,

11  course, scope and authority of said agency, service and employment and with the consent,

12  permission and knowledge of their co-Defendants.

13      4.    Plaintiff is informed and believes and thereon alleges that at all times herein

14  mentioned, Plaintiff is informed and believes and thereon alleges that Defendant YOHANA

15  HANA, and DOES 6 and 7, were Leaders On Duty at the time of all events that occurred herein.

16  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned,

17  Defendant SARAH LIFSCHUTZ, and DOES 8 and 9, were the Managers On Duty, at all times

18  relevant herein.

19      5.    Plaintiff is further informed and believes and thereon alleges that said Defendants,

20  at all time herein mentioned, were and are residents of the County of Los Angeles, State of

21  California.

22      6.    At all times herein mentioned, Defendants TARGET CORPORATION, DOES 1

23  through 20, Inclusive, and each of them, planned, designed, constructed, owned, operated,

24  maintained, entrusted, supervised and inspected a certain business establishment commonly

25  known as "TARGET" located at or near 8480 Beverly Boulevard, in the City of Los Angeles,

26  County of Los Angeles, State of California.

27

28

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

2

COMPLAINT FOR DAMAGES

7.      On or about April 6, 2017, Plaintiff JON SHIFFMAN was lawfully upon the premises of said "TARGET" store and was then and there a customer using the premises in a normal fashion.

8.      At all times herein mentioned, the Defendants, and each of them, so negligently, carelessly and recklessly planned, designed, constructed, owned, operated, maintained, entrusted, supervised and inspected the subject premises of the "TARGET" store so as to directly and proximately cause and allow a dangerous and hazardous condition to then and there be present. Said condition included, but was not limited to, a used needle container that was affixed to the wall of the restroom in said "TARGET" store. Said used needle container was designed to safely house and dispose of sharp needles in a fashion that customers could not, and should not be harmed, stuck or pricked by such disposed and used needles.

9.      On April 6, 2017, said used needle disposal container was negligently, carelessly and recklessly owned, operated, maintained, supervised and inspected so as to cause and allow sharp needles to be protruding from the top opening thereof, thereby causing and presenting a serious hazard to unsuspecting customers such as this Plaintiff. As a direct and proximate result thereof, this Plaintiff was stuck by a disposed and previously used needle and thereby suffered serious damages and injuries as hereinbelow set forth.

10.     At said time and place, Defendants, and each of them, acted so negligently, carelessly and recklessly and/or negligently failed to act, so as to directly and proximately cause Plaintiff to suffer and sustain the serious and permanent injuries and damages alleged below.

11.     By reason of the conduct of the Defendants, and each of them, and as a direct and proximate result thereof, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that said injuries will result in serious permanent disability to the Plaintiff all to his general damage in an amount which will be set forth pursuant to California Code of Civil Procedure, Section 425.11.

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

THIS DOCUMENT PRINTED ON RECYCLED PAPER

-3-

COMPLAINT FOR DAMAGES

1      12.     As a further direct and proximate result of the conduct of Defendants, and each of

2    them, Plaintiff was required to and did employ physicians to examine, treat and care for him and

3    said Plaintiff did incur medical and incidental expense. The exact amount of such expense is

4    unknown at this time and Plaintiff will therefore seek leave to amend this Complaint to set forth

5    the exact amount thereof when it is ascertained.

6      13.     As a further direct and proximate result of the conduct of Defendants, and each of

7    them, Plaintiff was prevented from attending to his usual occupation and Plaintiff is informed

8    and believes and thereon alleges that he will thereby be prevented from attending to said usual

9    occupation for a period in the future all to his further damage in an amount which will be set

10   forth according to proof when the same is ascertained.

11

12   **WHEREFORE**, Plaintiff prays against Defendants as follows:

13      1.     For general damages in an amount which will be set forth pursuant to <u>California</u>

14  <u>Code of Civil Procedure</u>, Section 425.11;

15      2.     For medical and incidental expenses according to proof;

16      3.     For loss of earnings and earning capacity according to proof;

17      4.     For costs of suit incurred herein; and

18      5.     For such other and further relief as this court deems just and proper, including but

19  not limited to prejudgment interest as allowed by law.

20

21   DATED: March 25, 2019       LEWITT, HACKMAN, SHAPIRO,

22                         MARSHALL & HARLAN

23

24                      By:

25                         ANDREW L. SHAPIRO

                                 Attorneys for Plaintiff

26

27

28

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
A LAW CORPORATION

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

- 4 -

**COMPLAINT FOR DAMAGES**

| | | | | | |
|---|---|---|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | | | | Reserved for Clerk's File Stamp | |
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | | | | **FILED** Superior Court of California County of Los Angeles **03/26/2019** Sherri R. Carter, Executive Officer / Clerk of Court By: _Nancy Alvarez_ Deputy | |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | | | | | |
| Your case is assigned for all purposes to the judicial officer indicated below. | | | | CASE NUMBER: 19STCV10275 | |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| ✓ Jon R. Takasugi | 3 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on _03/26/2019_
    (Date)                                                      By _Nancy Alvarez_                    , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06            **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

5-15-2019                    000250520G0001                    6020190515013253



2018-SJ-007-00

FILED
Superior Court of California
County of Los Angeles

APR 16 2018

Sheri R. Carter, Executive Officer/Clerk
By _____, Deputy
Stephanie Chang

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY          ) CASE NO.:
COURT ("PI COURT") PROCEDURES, )
CENTRAL DISTRICT               ) STANDING ORDER RE: PERSONAL
(EFFECTIVE APRIL 16, 2018)     ) INJURY PROCEDURES, CENTRAL
                               ) DISTRICT
                               )
                               )

DEPARTMENT:   2   **3**   4   5   7

FINAL STATUS CONFERENCE ("FSC"):

- DATE: 9/8/20 _____ AT 10:00 A.M.

TRIAL:

- DATE: 9/22/20 _____ AT 8:30 A.M.

OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):

- DATE: 3/22/22 _____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1   I.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

2   Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

3          "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

4          Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

5          Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

6          Uninsured Motorist; Product Liability (other than asbestos or

7          toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other

8          Professional Health Care Malpractice; Premises Liability; Intentional Bodily

9          Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

10         Damage/Wrongful Death. An action for intentional infliction of emotional

11         distress, defamation, civil rights/discrimination, or malpractice (other than

12         medical malpractice), is not included in this definition. An action for injury to

13         real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

14         Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if

15  plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

16              A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

17         A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured

18         Motorist

19         A7260 Product Liability (not asbestos or toxic/environmental)

20         A7210 Medical Malpractice – Physicians & Surgeons

21         A7240 Medical Malpractice – Other Professional Health Care Malpractice

22         A7250 Premises Liability (e.g., slip and fall)

23         A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,

24         assault, vandalism etc.)

25         A7220 Other Personal Injury/Property Damage/Wrongful Death

26         The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere

27  in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

28  ///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1    The Court sets the above dates in this action in the PI Court circled above (Department
2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.      Parties may file documents in person at the filing window on the first floor of the Stanley
6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7    which is available online at www.lacourt.org (link on homepage). Please note that filings are no
8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10   legally incompetent person, or person for whom a conservator has been appointed, requests to
11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15   soon as possible but no later than three years from the date when the complaint is filed.
16   (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will
17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26   good cause or articulating any reason or justification for the change.  To continue or advance a
27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Page 3 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to
4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5  date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6  court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.
7  (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8  following a court holiday. Parties may submit a maximum of two stipulations to continue trial,
9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10 a showing of good cause by noticed motion. This rule is retroactive so that any previously
11 granted stipulation to continue trial will count toward the maximum number of allowed
12 continuances.

13 **NO CASE MANAGEMENT CONFERENCES**

14 7.   The PI Courts do not conduct Case Management Conferences. The parties need not file
15 a Case Management Statement.

16 **LAW AND MOTION**

17 8.   Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule
18 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts
19 attached as exhibits. (C.R.C. Rule 3.1116(c).)

20 **CHAMBERS COPIES REQUIRED**

21 9.   In addition to filing original motion papers at the filing window on the first floor of the
22 Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23 the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24 Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25 hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27 or more three-ring binders organizing the chambers copy behind tabs.
28 ///

Page 4 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  **RESERVATION HEARING DATE**

2  10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

3  Reservation System (CRS) available online at www.lacourt.org (link on homepage).   After

4  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

5  the reservation receipt (CRS) number printed on the face page of the document under the caption

6  and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize

7  the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday

8  through Friday, between 3:00 p.m. and 4:00 p.m.

9  **WITHDRAWAL OF MOTIONS**

10  11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

11  immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI

12  Courts urge parties who amend pleadings in response to demurrers to file amended pleadings

13  before the date when opposition to the demurrer is due so that the PI Courts do not needlessly

14  prepare tentative rulings on demurrers.

15  **DISCOVERY MOTIONS**

16  12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

17  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

18  attorney with full authority to make binding agreements, must attend in person.  The PI judges

19  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

20  of the Court.

21  13.     Parties must participate in an IDC before a Motion to Compel Further Responses to

22  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

23  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

24  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

25  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

26  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

27  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

28  filing a motion to compel further discovery responses in order to allow time to participate in an

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-087-00

1   IDC.

2   If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.   Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.   If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).   Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.   After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.   The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.   Under the California Rules of Court, courts may only grant ex parte relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   ex parte.". (C.R.C. Rule 3.1202(c).)   The PI Courts have no capacity to hear multiple ex parte

24   applications or to shorten time to add hearings to their fully booked motion calendars.   The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying ex parte relief.   Instead of seeking ex parte

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial.   Parties should also check

Page 6 of 8

Standing Order Re Personal Injury Procedures, Central District

2019-SJ-007-00

1   the Court Reservation System from time to time because earlier hearing dates may become

2   available as cases settle or hearings are taken off calendar.

3   **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4   17.   Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5   Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6   mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7   Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8   the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a

9   "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10   a personal injury case is "complicated" the PI Courts will consider, among other things, the

11   number of pretrial hearings or the complexity of issues presented.

12   18.   Parties opposing a motion to transfer have five court days to file (at the filing window

13   on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14   (using the same LACIV 238 Motion to Transfer form).

15   19.   The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16   Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17   PI Courts will make an independent determination whether to transfer the case or not.

18   **FINAL STATUS CONFERENCE**

19   20.   Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20   Order Re Final Status Conference," which shall be served with the summons and complaint.

21   **JURY FEES**

22   21.   Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23   complaint. (C. C. P. § 631, subds. (b) and (c).)

24   **JURY TRIALS**

25   22.   The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the

26   Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One

27   will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28   Courtrooms.

Page 7 of 8

Standing Order Re Personal Injury Procedures, Central District



2018-SJ-007-00

1  SANCTIONS

2  23.    The Court has discretion to impose sanctions for any violation of this general order.

3  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6  Dated: April 16, 2018

7  Debre K. Weinstraub
   Supervising Judge of Civil Courts
8  Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 8 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

1.     **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

**2.     TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

**A.     TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

**B.     MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

**C.     JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

**D.     JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

Page 2 of 9

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2016)

1  parties/counsel shall identify all potential witness scheduling issues and special

2  requirements. Any party/counsel who seeks to elicit testimony from a witness not identified

3  on the witness list must first make a showing of good cause to the trial court.

E.  LIST OF PROPOSED JURY INSTRUCTIONS

(JOINT AND CONTESTED)

6  The parties/counsel shall jointly prepare and file a list of proposed jury

7  instructions, organized in numerical order, specifying the instructions upon which all sides

8  agree and the contested instructions, if any. The List of Proposed Jury Instructions must

9  include a space by each instruction for the judge to indicate whether the instruction was

10  given.

F.  JURY INSTRUCTIONS

(JOINT AND CONTESTED)

13  The parties/counsel shall prepare a complete set of full-text proposed jury

14  instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15  name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare

16  special instructions in a format ready for submission to the jury with the instruction number,

17  title, and text only (i.e., there should be no boxes or other indication on the printed

18  instruction itself as to the requesting party).

G.  JOINT VERDICT FORM(S)

20  The parties/counsel shall prepare and jointly file a proposed general verdict

21  form or special verdict form (with interrogatories) acceptable to all sides. Local Rule

22  3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must

23  separately file a proposed verdict form.

H.  JOINT EXHIBIT LIST

25  The parties/counsel shall prepare and file a joint exhibit list organized with

26  columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27  admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve

28  objections to the admissibility of each exhibit.

Page 3 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 15, 2018)

1    **I.    PAGE AND LINE DESIGNATION FOR**

2    **DEPOSITION AND FORMER TESTIMONY**

3    If the parties/counsel intend to use deposition testimony or former trial

4    testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer

5    and jointly prepare and file a chart with columns for each of the following:  1) the line and

6    page designations of the deposition or former testimony requested for use, 2) objections,

7    3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

8    **3.    EVIDENTIARY EXHIBITS**

9    The parties/counsel shall jointly prepare (and be ready to temporarily lodge for

10    inspection at the FSC) three sets of tabbed, internally paginated by document, and properly

11    marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial

12    Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits

13    and insert a simple written description of the exhibit behind the corresponding numerical tab

14    in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of

15    their respective exhibits, then the parties/counsel will not be required to produce exhibit

16    binders at the FSC.  However, the exhibit binders may be required by the assigned trial

17    judge when the trial commences.  In the absence of either a joint signed exhibit list or

18    electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

19    **4.    TRIAL BINDERS REQUIRED IN THE PI COURTS**

20    The parties/counsel shall jointly prepare (and be ready to temporarily lodge and

21    include the following for inspection at the FSC) the Trial Documents consisting of conformed

22    copies, tabbed and organized into three-ring binders with a table of contents that includes

23    the following:

24    Tab A:    Trial Briefs (Optional)

25    Tab B:    Motions in Limine

26    Tab C:    Joint Statement to Be Read to the Jury

27    Tab D:    Joint Witness List

28    ///

Page 4 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1   Tab E:      Joint List of Jury Instructions (identifying the agreed upon and
2   contested instructions)
3   Tab F:      Joint and Contested Jury Instructions
4   Tab G:      Joint and/or Contested Verdict Form(s)
5   Tab H:      Joint Exhibit List
6   Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and Former
7   Testimony
8   Tab J:      Copies of the Current Operative Pleadings (including the operative
9   complaint, answer, cross-complaint, if any; and answer to any cross-complaint).
10      The parties/counsel shall organize motions in limine (tabbed in numerical order)
11  behind Tab B with the opposition papers and reply papers for each motion placed directly
12  behind the moving papers.  The parties shall organize proposed jury instructions behind
13  Tab F, with the agreed upon instructions first in order followed by the contested instructions
14  (including special instructions) submitted by each side.
15      5.    FAILURE TO COMPLY WITH FSC OBLIGATIONS
16      The court has discretion to require any party/counsel who fails or refuses to comply
17  with this Amended Standing Order to show cause why the Court should not impose
18  monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking
19  of an answer).
20
21
22  Dated: April 16, 2018
23                                  Debra K. Weintraub
24                                  Supervising Judge, Civil
                                    Los Angeles Superior Court
25
26
27
28

Page 5 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)





## Superior Court of California, County of Los Angeles

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a.   The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com.
- Mediation Center of Los Angeles: Case Manager (833) 476-9145  info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE:  This service is not available for family law, probate or small claims.

**b.   Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer_EngSpan.pdf

**c.   Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3.   **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4.   **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website:  www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

5-15-2019                          000250520G0001                          6020190515013253



ANDREW L. SHAPIRO, ESQ., SBN 051546
LEWITT, HACKMAN, SHAPIRO,
   MARSHALL & HARLAN
16633 Ventura Boulevard, 11ᵗʰ Floor
Encino, California 91436-1865
Telephone:  (818) 990-2120
Telecopier:  (818) 981-4764

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JON SHIFFMAN, | CASE NO: |
| Plaintiff, | PLAINTIFF'S STATEMENT OF DAMAGES  (CCP §425.11) |
| vs. | |
| TARGET CORPORATION, YOHANA HANA, SARAH LIFSCHUTZ, and DOES 1 through 20, Inclusive, | |
| Defendants. | |

TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD:

COMES NOW PLAINTIFF, JON SHIFFMAN, and hereby submits his Statement of Damages, pursuant to Code of Civil Procedure §425.11. It should be noted that discovery and damages are continuing and plaintiff reserves the right to amend, modify or supplement this information if, as or when further or better information becomes available.

1.  General damages in the amount of $750,000.00.

2.  Medical and incidental expenses according to proof.

3.  Loss of Earnings and earning capacity according to proof.

4.  Costs of suit incurred herein.

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
A LAW CORPORATION

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

- 1 -

PLAINTIFF'S STATEMENT OF DAMAGES

000250520G0001

6020190515013253

5-15-2019



1       5.     Such other and further relief as this Court deems just and proper, including but

2   not limited to, prejudgment interest as allowed by law.

4   DATED:  March 25, 2019

5                     LEWITT, HACKMAN, SHAPIRO,
6                         MARSHALL & HARLAN

8            By:
                       ANDREW L. SHAPIRO
9                      Attorneys for Plaintiff

- 2 -
**PLAINTIFF'S STATEMENT OF DAMAGES**

[THIS DOCUMENT PRINTED ON RECYCLED PAPER]

LEWITT, HACKMAN, SHAPIRO,
MARSHALL & HARLAN
A LAW CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

     On June 7, 2019, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (DIVERSITY); DECLARATION OF JOSHUA K. BABATAHER** on the interested parties in this action as follows:

Andrew L. Shapiro, Esq.
Lewitt, Hackman, Shapiro, Marshall & Harlan
16633 Ventura Bl.,11th Floor
Encino, CA 91436
P: 818.990.2120
F: 818.981.4764
Email: ashapiro@lewitthackman.com
**Attorney for Plaintiff**
**Jon Shiffman**

     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on June 7, 2019, at Los Angeles, California.

Brenda Leonardo

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)] (DIVERSITY); DECLARATION OF
JOSHUA K. BABATAHER